UNITED STATES of America, Plaintiff,

v.

**Gale F. BURCH, Defendant.**

**No. 95–40045–02–SAC.**

United States District Court, D. Kansas.

May 22, 1996.

Bruce W. Simon, Simon & Simon, Kansas City, MO, Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, Michelle Wallace, Kansas City, MO, for defendant.

Gale F. Burch, Lancaster, TX, pro se.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On June 13, 1995, the grand jury returned a two count indictment charging Gerald G. Burch and Gale F. Burch, husband and wife, with conspiracy to possess with intent to distribute 538 pounds of marijuana (Count 1) and possession with intent to distribute 538 pounds of marijuana (Count 2). On October 5, 1996, the court entered a memorandum and order, which, *inter alia*, denied the defendants' motions to suppress evidence of the search. *See United States v. Burch*, 906 F.Supp. 592 (D.Kan.1995). In that same memorandum and order the court denied Gale Burch's "Motion to Suppress Statement."

On March 29, 1996, the court entered an order severing Gerald Burch's trial from Gale Burch's trial.[1] On April 22, 1996, trial of Gale Burch commenced. On April 23, 1996, the government rested its case-in-chief. The court denied Gale Burch's motion for judgment of acquittal. Gale Burch did not testify or present any other evidence.

On April 23, 1996, the jury began its deliberations at approximately 4:15 p.m. Having not reached a verdict, the jury recessed at 5:00 p.m. until 9:00 a.m. the next day. Before noon on April 24, 1996, the jury sent a note to the court indicating that it wanted a read back of the testimony of what Trooper Smith "said at the truck while waiting for back up" and Trooper "Hacke's interview with Mrs. Burch." Jury Exhibit # 1. After discussing the issue, counsel and the court agreed to send the following response to the jury's read back request:

> Because your request may require a lengthy and burdensome read-back of the requested testimony, the court will consider allowing such a read-back only if you believe and state in further written com-

---

1. Prior to trial, Gerald Burch terminated the employment of his first attorney. Gerald Burch's newly retained attorney indicated that he would not be able to prepare for trial, then set for April 22, 1996.

munications to the court that the requested testimony is essential to your deliberations and that your collective recall of that testimony is inadequate.

*See United States v. Keys,* 899 F.2d 983, 988 (10th Cir.) (discussing appropriateness of read backs), *cert. denied,* 498 U.S. 858, 111 S.Ct. 160, 112 L.Ed.2d 125 (1990).

At approximately 2:50 p.m., the jury sent another note signed by the foreperson. That note stated:

> After much deliberation we find that we are not all in agreement over the question of guilty or not guilty.

> I do not think the read back of the testimony will change this.

*See* Jury Exhibit # 2. Another conference was held with counsel to consider a proper response. Over the objection of Gale Burch, the court read an *Allen*[2] instruction specifically approved by the Tenth Circuit in *United States v. Reed,* 61 F.3d 803 (10th Cir. 1995).[3] At approximately 3:05 p.m., the court read the instruction to the jury in open court. The jury returned to continue their deliberations.

**2.** "The so-called 'Allen' or 'dynamite' charge derives its name from *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)." *United States v. Smith,* 857 F.2d 682, 683 (10th Cir.1988).

**3.** In full, the instruction states:
> Members of the jury: I am going to ask that you continue your deliberations in an effort to agree upon a verdict and dispose of this case; and I have a few additional comments I would like for you to consider as you do so.
> This is an important case. The trial has been expensive in time, effort and money to both the defense and the prosecution. If you should fail to agree on a verdict the case is left open and may be tried again. Obviously, another trial would only serve to increase the cost to both sides, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.
> Any further jury must be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to 12 men and women more conscientious, more impartial, or more competent to decide it, or that more or clearer evidence could be produced.

At approximately 3:40, apparently having reevaluated the need for a read back, the jury sent out another note which stated:

> Please secure for us the testimony of Trooper Smith when he takes Mrs. Burch to the back of the rig and holds her there until he drives her into custody.

> Please get us testimony from Detective Haak when he interviews Mrs. Birch from jail.

*See* Jury Exhibit # 3. Another conference was held with counsel. Both the government and the defendant agreed that a read back of the requested testimony was appropriate. The read back of the requested testimony commenced at approximately 3:50 p.m., and lasted for about one hour and ten minutes. Following the read back, the jury returned to their deliberations. At approximately 5:10 p.m., the jury indicated that they had reached a unanimous verdict. The jury found Gale Burch guilty of both counts.

This case comes before the court upon Gale Burch's "Motion for judgment of acquittal, or, in the alternative, for a new trial" (Dk. 148). In her motion, Burch contends that (1) the evidence did not support the jury's verdict and (2) giving the *Allen* in-

> If a substantial majority of your number are for a conviction, each dissenting juror ought to consider whether a doubt in his or her own mind is a reasonable one since it appears to make no effective impression upon the minds of the others. On the other hand, if a majority or even a lesser number of you are for acquittal, the other jurors ought seriously to ask themselves again, and most thoughtfully, whether they do not have a reason to doubt the correctness of a judgment which is not shared by several of their fellow jurors, and whether they should distrust the weight and sufficiency of evidence which fails to convince several of their fellow jurors beyond a reasonable doubt.
> Remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of the evidence. But remember also that, after full deliberation and consideration of the evidence in the case, it is your duty to agree upon a verdict if you can do so without surrendering your conscientious conviction. You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt the accused should have your unanimous verdict of Not Guilty.

struction to the jury after receiving a note indicating that the jurors were deadlocked was coercive. The government opposes Burch's motion.

### Sufficiency of the Evidence

■ To review the sufficiency of the evidence supporting a criminal conviction, the court must examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Miller*, 987 F.2d 1462, 1464 (10th Cir.1993). In reviewing the sufficiency of the evidence, the court must consider both direct and circumstantial evidence, as well as reasonable inferences to be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir.1993) (citing *United States v. Fox*, 902 F.2d 1508, 1513 (10th Cir.), *cert. denied*, 498 U.S. 874, 111 S.Ct. 199, 112 L.Ed.2d 161 (1990)).

" 'A jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility. Such a finding is infirm because it is not based on the evidence.' " *United States v. Jones*, 49 F.3d 628, 633 (10th Cir.1995) (quoting *Sunward Corp. v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 521 (10th Cir.1987) (quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir.1982))).

The line between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation is not drawn by judicial idiosyncrasies. The line is drawn by the laws of logic. If there is an experience of logical probability that an ultimate fact will follow from a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts.

*Jones*, 49 F.3d at 632 (quoting *Tose v. First Pennsylvania Bank, N.A.*, 648 F.2d 879, 895 (3d Cir.), *cert. denied*, 454 U.S. 893, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981)). "Additionally, 'the essential requirement is that mere speculation be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked.' " *Jones*, 49 F.3d at 632 (quoting *Galloway v. United States*, 319 U.S. 372, 395, 63 S.Ct. 1077, 1089, 87 L.Ed. 1458 (1943)).

■ The court must accept the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses. *Davis*, 1 F.3d at 1017 (citing *United States v. Youngpeter*, 986 F.2d 349, 352 (10th Cir. 1993)).

### Analysis

■ The court concludes that the direct and circumstantial evidence amply supports the jury's verdict. Gerald and Gale Burch were caught transporting 538 pounds of marijuana from Texas to Chicago, Illinois, in their semi-tractor trailer. After being arrested, Gale Burch made incriminating statements from which a rational factfinder could have concluded that she was a knowing and willing participant in the criminal enterprise.[4] When arrested, Gale Burch had $3,000 in cash in her purse. Gale Burch also had the telephone numbers of the source and intended recipient of the marijuana in her purse. Gale Burch initially offered to make the telephone calls to set up a controlled delivery in Chicago. Gale Burch later backed out of the deal to make a controlled delivery when she learned that there was no guarantee that she would not be imprisoned for some period of time in Chicago even if the controlled delivery was successful. *See Burch*, 906 F.Supp. at 595. In short, Gale Burch's statements, coupled with all of the other evidence intro-

---

**4.** Gale Burch's defense was that she was not a knowing participant in the crime charged. Through the argument of counsel, Gale Burch suggested that her only knowledge of the criminal enterprise came after the Trooper Smith showed her the contents of the boxes in the trailer. The substance of Gale Burch's confession, coupled with all of the other evidence introduced, dispelled such a possibility. Viewed in the light most favorable to the government, Gale Burch confessed that she knew at least a month prior to her arrest that she and her husband were delivering over 500 pounds of marijuana (approximate street value: $1,000,000) for the price of approximately $50 per pound. The jury could have rationally concluded that Gale Burch was a knowing participant in the transportation of the marijuana from Texas to Chicago.

duced, were sufficient to sustain each of her convictions.

### Standards for Motion for New Trial

 A court may grant the defendant a new trial "if required in the interest of justice." Fed.R.Crim.P. 33. Courts view motions for new trial with disfavor and grant them only with great caution. *United States v. Chatman,* 994 F.2d 1510, 1518 (10th Cir.), *cert. denied,* 510 U.S. 883, 114 S.Ct. 230, 126 L.Ed.2d 185 (1993); *United States v. Leeseberg,* 767 F.Supp. 1091, 1093 (D.Kan.1991). The defendant has the burden of proving the necessity of a new trial. *United States v. Davis,* 15 F.3d 526, 531 (6th Cir.1994); *United States v. Cooley,* 787 F.Supp. 977, 984 (D.Kan.1992), *vacated on other grounds,* 1 F.3d 985 (10th Cir.1993). For purposes of this case, the relevant rule is that a new trial should be granted upon "[a]ny error of sufficient magnitude to require reversal on appeal." 3 Charles A. Wright, *Federal Practice and Procedure* § 556 (1982); *see United States v. Stiner,* 765 F.Supp. 663, 664 (D.Kan.1991), *aff'd,* 952 F.2d 1401 (10th Cir. 1992) (Table); *United States v. Suntar Roofing, Inc.,* 709 F.Supp. 1526, 1530 (D.Kan. 1989), *aff'd,* 897 F.2d 469 (10th Cir.1990). The decision of whether or not to grant a new trial is committed to the sound discretion of the district court. *See United States v. Patterson,* 41 F.3d 577, 579 (10th Cir.1994).

### Appropriateness of the Allen Instruction

 The purpose of an *Allen* instruction is to encourage a unanimous verdict without infringement upon the conscientious views of each individual juror. *United States v. Smith,* 857 F.2d 682, 683 (10th Cir.1988). The Tenth Circuit has "traditionally urged caution in the use of the *Allen* instruction." *United States v. Rodriguez–Mejia,* 20 F.3d 1090, 1091 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 640, 130 L.Ed.2d 545 (1994). "The preferred rule of procedure is to give an *Allen* instruction at the same time as other instructions; however, this is not a per se rule." *Id.* The Tenth Circuit reviews "whether an *Allen* instruction was erroneously given on a case-by-case basis with a view toward determining whether the instruction had a coercive effect on the jury." *Id.* "Some factors considered in making this determination include: (1) The language of the instruction; (2) its incorporation with other instructions; and (3) the timing of the instruction, for example, whether given before the jury has commenced deliberations and whether given before the jury has reached an impasse or deadlock." *United States v. Porter,* 881 F.2d 878, 888 (10th Cir.), *cert. denied,* 493 U.S. 944, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989).

### Analysis

 Nothing argued by Gale Burch demonstrates that a new trial is warranted. Contrary to her suggestion, there is no indication that the *Allen* instruction, in either its timing or language, was coercive. In fact, it appears that whatever concern the jury had was allayed by the read back of the requested testimony. The read back primarily centered on Gale Burch's post-arrest statements to law enforcement officers. As Gale Burch's defense was that she was not a knowing participant in the crimes charged, it is reasonable to believe that the read back of her confession and other statements to law enforcement officers dispelled any reasonable doubts held by the jury. At most, the *Allen* instruction encouraged each juror to reevaluate their respective positions and apparently to reconsider the need for a read back in light of the court's previous response to their first request for a read back. In any event, the court concludes that it was not error to give the jury the *Allen* instruction and that under the circumstances the instruction was not coercive.

In sum, Gale Burch received a fair trial. The jury's verdict of guilty on each count was clearly supported by the evidence. No error warranting a new trial occurred.

IT IS THEREFORE ORDERED that Gale Burch's "Motion for judgment of acquittal, or, in the alternative, for a new trial" (Dk. 148) is denied.