**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GALE F. BURCH,

Defendant - Appellant.

No. 96-3290
(D. Ct. No. 95-400045-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

A jury convicted Gale F. Burch of one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and one count of possession with intent

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On appeal, Ms. Burch argues that the district court erred by: (1) failing to suppress certain statements, (2) denying her motion for judgment of acquittal based on insufficient evidence, (3) giving an Allen instruction to the jury, and (4) rejecting her objection to sentencing enhancements for her role in the offense and obstruction of justice. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## BACKGROUND

On June 4, 1995, at approximately 2:30 p.m., Kansas Highway Patrol Trooper Brian Smith stopped a semi-trailer for a routine safety and equipment inspection. Gerald Burch was the driver of the truck; his wife, the defendant Gale Burch, was a passenger in the vehicle.

Trooper Smith proceeded to inspect the exterior of the vehicle. After filling out some paperwork, Trooper Smith asked to examine the cargo in the trailer. When Mr. Burch opened the trailer, Trooper Smith immediately smelled marijuana and mothballs. Trooper Smith observed a number of boxes located near the rear of the trailer. Trooper Smith opened one of the boxes and discovered that it contained marijuana. Subsequent tests indicated that the trailer contained 538 pounds of marijuana.

Trooper Smith placed the Burches under arrest and advised them of their

2

rights. Trooper Smith then transported them to the Osage County Jail in Lyndon, Kansas.

At approximately 4:00 p.m., Trooper Gary Haak, a Kansas Highway Patrol liaison working with the Drug Enforcement Administration, arrived at the Osage County Jail to interview the Burches. Trooper Haak first interviewed Mr. Burch. At approximately 5:15 p.m., Trooper Haak began interviewing Ms. Burch. Trooper Haak filled out a personal history report and then advised Ms. Burch of her rights. Ms. Burch acknowledged her rights and indicated that she did not wish to speak with Trooper Haak. At that time, Trooper Haak terminated the interview.

At approximately 5:30 p.m., Trooper Haak learned that Ms. Burch wanted to speak with him. Ms. Burch confessed to Trooper Haak that she was involved in the receipt and planned delivery of the marijuana. The hour-long interview concluded with the understanding that Ms. Burch would cooperate with the authorities by making a controlled delivery of the marijuana in Chicago, Illinois.

Trooper Haak proceeded to make arrangements for the controlled delivery. The next day, Trooper Haak returned to the jail to make final arrangements with the Burches for the controlled delivery. Ms. Burch asked Trooper Haak if she would be placed in jail in Chicago after the controlled delivery. Trooper Haak advised her that she could possibly spend some time incarcerated. Apparently

frustrated with the arrangement, Ms. Burch refused to make the controlled delivery or to cooperate further with the authorities.

On June 13, 1996, a federal grand jury indicted Ms. Burch on one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On June 14, 1996, the court appointed her counsel based on her financial affidavit in which she represented that she was not employed, that her husband was not employed, and that she had no other income, cash, or property. The court then released her on a $10,000 unsecured bond. Seven months later, security personnel stopped Ms. Burch in LaGuardia Airport in New York. She was carrying $60,000 in cash on her person. The district court therefore ordered that Ms. Burch be detained pending trial.

A jury trial commenced on April 22, 1996. The jury received the case for deliberation at approximately 4:15 p.m. on April 23, 1996. Around noon on April 24, the jury gave a note to the court stating that the jury wanted the court reporter to reread Trooper Smith's conversation with Ms. Burch at the scene of the arrest and Trooper Haak's interview with Ms. Burch. The district court sent a note to the jury explaining that a read back would be a difficult and time-consuming process and that the jury should try to resolve the case using their collective recollection.

4

At approximately 2:45 p.m., the jury sent another note to the court. The note, which the jury foreperson signed, stated: "After much deliberation, we find that we are not all in agreement over the question of guilty or not guilty. I do not think that the read back of the testimony will change this." The court confirmed that the jury was deadlocked. In response to this note, the court issued an Allen[1]

---

[1] An Allen charge derives its name from jury instructions approved by the Supreme Court in Allen v. United States, 164 U.S. 492, 501-02 (1896). In this case, the district court instructed the jury:

> I'm going to ask that you continue your deliberations in an effort to agree upon a verdict and dispose of this case, and I have a few additional comments I would like for you to consider as you do so.
>
> This is an important case. The trial has been expensive in time, effort and money to both the defense and the prosecution. If you should fail to agree on a verdict, the case is left open and may be tried again. Obviously, another trial would only serve to increase the cost to both sides and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.
>
> Any further jury must be selected in the same manner and from the same source as you were chosen and there is no reason to believe that the case could ever be submitted to 12 men and women more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced.
>
> If a substantial majority of your number are for a conviction, each dissenting juror ought to consider whether a doubt in his or her own mind is a reasonable one since it appears to make no effective impression upon the minds of the others. On the other hand, if a majority or even a lesser number of you are for acquittal, the other jurors ought to seriously ask themselves again and most thoughtfully whether they do not have a reason to doubt the correctness of a judgment which is not shared by several of their fellow jurors, and whether they should distrust the weight and sufficiency of evidence which fails to convince several of their fellow jurors beyond a reasonable doubt.
>
> Remember at all times that no juror's expected to yield a conscientious conviction he or she may have as to the weight or effect of

instruction to the jury. The jury then returned to its deliberations.

At approximately 3:35 p.m., the jury sent the court another note. The note stated: "Please secure for us the testimony of Trooper Smith when he takes Ms. Burch to the back of the rig and holds her there until he drives her into custody. Please get us testimony from Detective Haak when he interviews Ms. Birch [sic] from jail." After receiving the note, the court concluded that the court reporter should read back the requested testimony. The read-back lasted approximately an hour, concluding around 5:00 p.m. The jury returned to its deliberations. At approximately 5:10 p.m., the jury returned a verdict of guilty on both counts of the indictment.

## DISCUSSION

### I. SUPPRESSION OF STATEMENTS

Ms. Burch argues that the district court erred in failing to suppress her confession to Trooper Haak. She contends that her statements were not voluntary and that the district court failed to give adequate weight to several factors

---

the evidence, but remember, also, that after full deliberation and consideration of the evidence in the case, it is your duty to agree upon a verdict, if you can do so without surrendering your conscientious conviction. You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt the accused should have your unanimous verdict of not guilty.

relevant to the voluntariness of her statements.

The voluntariness of a confession is a legal question subject to de novo review based on the entire record. Griffin v. Strong, 983 F.2d 1540, 1541 (10th Cir. 1993). "But the trial court's rulings with regard to subsidiary factual questions, such as whether the police intimidated or threatened a suspect or whether the suspect was particularly susceptible to police coercion, are subject to review under the clearly erroneous standard." United States v. Chalan, 812 F.2d 1302, 1307-08 (10th Cir. 1987)

In determining whether a particular statement is involuntary or coerced, we consider the following factors: (1) the age, intelligence, and education of the defendant; (2) the length of the detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of her constitutional rights; and (5) whether the defendant was subjected to physical punishment. United States v. Glover, 104 F.3d 1570, 1579 (10th Cir. 1997) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973)). Because no single factor is dispositive, the determination of voluntariness is based on the totality of the circumstances. United States v. Short, 947 F.2d 1445, 1449 (10th Cir. 1991).

We have reviewed the record and agree with the district court's conclusion that Ms. Burch's statements were voluntary under the totality of the circumstances. The record contains no evidence that the age, intelligence, or

education of Ms. Burch prevented her from voluntarily making her statements to Trooper Haak.  Nor does the record contain any evidence that Ms. Burch was subjected to physical threats or punishment.  Instead, the record shows that immediately after Trooper Smith arrested Ms. Burch, he advised her of her rights.  Trooper Smith then transported Ms. Burch to the Osage County Jail for questioning.  At approximately 5:15 p.m., Trooper Haak again advised her of her rights.  She indicated that she understood her rights by initialing a standard rights form.  When she stated that she did not wish to talk to Trooper Haak, the interview ceased.  Less than an hour later, Ms. Burch indicated that she wanted to talk to Trooper Haak.  Trooper Haak then interviewed her for approximately one hour.  The record contains no evidence that Trooper Haak ever made any express or implied promise of leniency to Ms. Burch.  See United States v. Garot, 801 F.2d 1241, 1244-45 (10th Cir. 1986).  Instead, when asked, Trooper Haak informed Ms. Burch that she would probably spend some time incarcerated.  Under such circumstances, we conclude that Ms. Burch's statements were voluntary.  Thus, the district court did not err in denying Ms. Burch's motion to suppress.

## II.  SUFFICIENCY OF THE EVIDENCE

Ms. Burch argues that the district court erred in denying her motion for judgment of acquittal because the evidence was insufficient to support a criminal

conviction. We review the record for sufficiency of the evidence de novo. United States v. Chavez-Palacios, 30 F.3d 1290, 1294 (10th Cir. 1994). "Evidence is sufficient to support a criminal conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994).

Ms. Burch argues that the evidence was insufficient for a jury to convict her of conspiracy to distribute marijuana or possession of marijuana with intent to distribute because she was merely a passenger in the truck driven by her husband. She contends that she had no knowledge of the contraband until after Trooper Smith stopped the vehicle.

We conclude that the evidence was sufficient for a reasonable jury to convict Ms. Burch on both counts. In her statements to Trooper Haak, Ms. Burch described her involvement with the attempted marijuana sale. She stated that a man named David had approached her and her husband about transporting some "stereos" to Chicago. Ms. Burch told Trooper Haak that she knew the "stereos" were drugs. She described how she and her husband picked up the "stereos" in El Paso, Texas. She stated that a few days after the delivery, she called a man named Ishmel using a pager number that David had given her. She and her

husband then left for Chicago. Ms. Burch told Trooper Haak that Ishmel had instructed her to contact him using the pager number when the Burches were about six hours from Chicago. She explained that Ishmel would call them back and tell them how to contact David, who would be waiting in Chicago for their cargo. As Trooper Haak was interviewing Ms. Burch, Trooper Smith discovered that Ms. Burch had several telephone numbers in her purse. The troopers later determined that the numbers included David's pager number and Ishmel's mobile number, home phone number, new pager number, and old pager number. When Trooper Haak asked Ms. Burch why she did not tell the authorities about the numbers, Ms. Burch replied that she did not want the authorities to think that she and her husband were "druggers." Taken as a whole, the evidence was sufficient for a reasonable jury to convict Ms. Burch for conspiracy to distribute marijuana and possession with intent to distribute marijuana.

## III.   ALLEN INSTRUCTION

Ms. Burch contends that the district court erred in giving an Allen instruction to the jury. We review whether a district court erred in giving an Allen instruction on a case-by-case basis with a view towards determining whether the instruction had a coercive effect on the jury. United States v. Rodriguez-Mejia, 20 F.3d 1090, 1091 (10th Cir. 1994). In determining whether an Allen instruction was unduly coercive, we consider: (1) the language of the

10

instruction, (2) the incorporation of the Allen instruction with other jury instructions, and (3) the timing of the instruction. United States v. Porter, 881 F.2d 878, 888 (10th Cir. 1989).

We have approved of the wording of the Allen instruction at issue here. See United States v. Reed, 61 F.3d 803, 804-05 (10th Cir. 1995); United States v. Ellzey, 936 F.2d 492, 500 (10th Cir. 1991); United States v. Butler, 904 F.2d 1482, 1487 (10th Cir. 1990). Thus, Ms. Burch does not argue that the language of the Allen instruction was coercive. Instead, she contends that the instruction was coercive based on the timing of the instruction and the district court's failure to give it with the other jury instructions.

We conclude that the district court did not err in giving the Allen instruction under the circumstances in this case. Around noon on the first full day of deliberations, the jury asked the trial judge to have the court reporter read back the testimony involving Trooper Smith's conversation with Ms. Burch at the scene of the arrest and Trooper Haak's interview with Ms. Burch. The judge instructed them to resolve their questions using their collective recollection. By mid-afternoon, the jury informed the court that it was deadlocked. The district court then gave the jury an Allen instruction. Shortly after the jury returned to their deliberations, the jury made a second request to have the court reporter read back the testimony involving Trooper Smith's conversation with Ms. Burch at the

11

scene of the arrest and Trooper Haak's interview with Ms. Burch. The trial judge agreed. The read-back concluded at approximately 5:00 p.m. The jury returned to their deliberations. Within fifteen minutes, the jurors reached a verdict. Thus, the record clearly shows that the jury reached its verdict by reexamining and weighing the evidence and was not coerced into rendering a guilty verdict by either the timing of the <u>Allen</u> instruction or the failure to give the <u>Allen</u> instruction with the other jury instructions.

**IV.  SENTENCING**

Ms. Burch argues that the district court erred in enhancing her sentence for her role in the offense pursuant to U.S.S.G. § 3B1.1(c) and for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We review the district court's findings of fact as to whether enhancement is warranted for clear error. <u>United States v. Pelliere</u>, 57 F.3d 936, 940 (10th Cir. 1995). We review the district court's application of the guidelines to the facts de novo. <u>Id.</u>

**A.    Role in the Offense**

Ms. Burch argues that the district court erred in applying a two-level upward adjustment to her offense level under U.S.S.G. § 3B1.1(c) for her role as "an organizer, leader, manager, or supervisor in [the] criminal activity." She contends that the record is devoid of any showing of supervision or control and that she and Mr. Burch were equal participants in their criminal activity.

12

To qualify as a supervisor, "one needs merely to give some form of direction or supervision to someone subordinate in the criminal activity." United States v. Hanif, 1 F.3d 998, 1004 (10th Cir. 1993) (quoting United States v. Backas, 901 F.2d 1528, 1530 (10th Cir. 1991)).  The court may consider the defendant's exercise of decisionmaking authority, the nature of her participation in the offense, and the degree of control and authority she exercised over others. United States v. Pedraza, 27 F.3d 1515, 1530 (10th Cir. 1994) .

After reviewing the record, we hold that the district court's finding that Ms. Burch was a manager or organizer of the criminal activity at issue in this case was not clearly erroneous.  Trooper Smith testified that Mr. Burch stated he did not know the last names of David and Ishmel, but suggested that his wife might know their last names.  The record indicates that Ms. Burch carried the telephone numbers of the source and recipient in her purse.  She made all of the telephone calls in arranging the controlled delivery.  At the time of her arrest, she had approximately $3,000 in cash in her purse while the defendant only had $1,000.  Under these circumstances, we conclude that the district court's assessment of a two-level enhancement for her role in the offense was not clearly erroneous.

**B.     Obstruction of Justice**

Ms. Burch argues that the district court erred in applying a two-level upward adjustment to her offense level under U.S.S.G. § 3C1.1 based on the

13

court's finding that she "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."

The district court imposed an upward adjustment for obstruction of justice because Ms. Burch provided false information about her financial status in seeking to obtain a court-appointed attorney. Ms. Burch argues that the district court erred in adjusting her sentence for obstruction of justice because under Application Note 6 of section 3C1.1, such obstruction must be limited to the offense of conviction. We disagree.

Application Note 3(f) provides that an enhancement is appropriate under section 3C1.1 if the defendant "provid[es] materially false information to a judge or magistrate." U.S.S.G. § 3C1.1 cmt. 3(f). Application Note 5 defines "material evidence" as that which "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. 5. Ms. Burch's false statements concerning her financial status were material because they led to the appointment of counsel, which was the issue under consideration at the hearing. See United States v. Ruff, 79 F.3d 123, 126 (11th Cir.), cert. denied, 117 S. Ct. 191 (1996). Therefore, the district court did not err in enhancing the defendant's sentence for obstruction of justice.

AFFIRMED.

14

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge