UNITED STATES of America,
Plaintiff/Respondent,

v.

Gale F. BURCH, Defendant/Movant.

Criminal No. 95–40045–02–SAC.
Civil No. 98–3284–SAC.

United States District Court,
D. Kansas.

Sept. 8, 1998.

Gale F Burch, Ft. Worth, TX, pro se.

Gerald G Burch, Lancaster, TX, pro se.

Sue Carpenter, Topeka, KS, pro se.

Steven E. Emke, Grounds, Rose & Emke, Kansas City, MO, pro se.

Gordon A. Harness, Newcastle, OK, pro se.

Gary Hill, El Paso, TX, pro se.

Joseph D. Johnson, Joseph D. Johnson, Chartered, Topeka, KS, pro se.

Eric Kjorlie, Topeka, KS, pro se.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, pro se.

Bruce W. Simon, Simon & Simon, Kansas City, MO, pro se.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, pro se.

Michelle Wallace, Kansas City, MO, pro se.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On April 23, 1996, the jury returned a verdict finding the defendant, Gale F. Burch, guilty of conspiracy to possess with the intent to distribute 538 pounds of marijuana and possession with the intent to distribute 538 pounds of marijuana. *See United States v. Burch*, 928 F.Supp. 1066 (D.Kan.1996), *aff'd*, 113 F.3d 1247 (10th Cir.1997) (Table; available on Westlaw at 1997 WL 271316). Burch was sentenced to a 108 month primary term of incarceration. Burch appealed her convictions and sentence. On May 22, 1997, the Tenth Circuit issued an opinion affirming Burch's convictions and the sentence imposed by this court. *See United States v. Burch*, 113 F.3d 1247 (10th Cir.1997) (Table; available on Westlaw at 1997 WL 271316).[1] On June 30, 1997, the Tenth Circuit issued the mandate in this case. *See* Dk. 227 (District Court's Receipt of Mandate from the Tenth Circuit). Burch did not file a

---

1. Burch's husband, Gerald Burch, was convicted in a separate trial of the same crimes. *See United States v. Burch*, 958 F.Supp. 531 (D.Kan.1997), *aff'd*, 153 F.3d 1140 (10th Cir. 1998). The Tenth Circuit recently affirmed Gerald Burch's convictions and sentence.

petition for a writ of certiorari with the United States Supreme Court.

This case comes before the court upon Burch's "Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody" (Dk.241). That motion, which essentially raises without meaningful elaboration an ineffective assistance of counsel claim, was filed on August 31, 1998—more than one year after the date the Tenth Circuit issued its mandate in this case. Accompanying the defendant's motion is a "Motion for Leave to File a Memorandum in Support of the Motion Under § 2255" (Dk.242). In that motion, Gale Burch states that she "is aware of the 1–year limitation period under § 2255 for her to file a post-conviction motion from the date the judgment is her case became final." Burch does not argue that her motion falls within one of the enumerated exceptions to the one-year period of limitations. Instead, she contends that her § 2255 motion is timely because the one-year limitation did not commence on June 30, 1997,[2] but instead until 90 days after that date—representing the last day she could have filed a petition for certiorari. *See* Sup. Ct.R. 13.

### One–Year Limitation

"On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], Pub.L. No. 104–132, 110 Stat. 1217 (1996)." *Hatch v. State of Okl.*, 92 F.3d 1012, 1014 (10th Cir.1996). Among other things, the AEDPA amended 28 U.S.C. § 2255. Title 28, section 2255 now provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

.     .     .     .     .

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"As amended, 28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final. 28 U.S.C. § 2255(1). Prior to this amendment, 'a party could bring a § 2255 motion at any time.'" *United*

---

**2.** Gale Burch's motion states that the Tenth Circuit denied her petition for rehearing on "July 20, 1997," a date after the date the Tenth Circuit's mandate was entered. This court's records have no indication of any order entered by the Tenth Circuit after June 30, 1997. Prior to entering this memorandum and order, this court contacted the Tenth Circuit's Clerk's Office to confirm that no order pertaining to Gale Burch's case has been entered since June 30, 1997, the date the mandate was issued in this case. The Tenth Circuit's docket showed no record of any decision after June 30, 1997, as suggested by Gale Burch.

In any event, because Burch is not entitled to the extra 90 days in which she could have petitioned the Supreme Court for certiorari in calculating the one-year period of limitation, her § 2255 motion is untimely.

*States v. Simmonds,* 111 F.3d 737, 744 (10th Cir.1997) (*quoting United States v. Lopez,* 100 F.3d 113, 116 (10th Cir.1996)) (footnote omitted).

Because Burch concedes that she did not file her § 2255 motion within one year of the date the Tenth Circuit issued its mandate, her motion is barred by the one-year time limitation unless she is entitled to an additional 90 days—the time period in which she could have petitioned the Supreme Court for certiorari but did not.[3]

## Analysis

"While § 2255 time bars any motion filed more than one year after the final judgment of conviction, it does not expressly define when a judgment of conviction becomes final." *Kapral v. United States,* 973 F.Supp. 495, 497 (D.N.J.1997).[4] To decide whether Burch's § 2255 motion is time barred, the court must first determine what Congress intended when amended § 2255 to include the phrase "the date on which the judgment of conviction becomes final."

Although some courts, including the Tenth Circuit in an unpublished decision, *see United States v. Moss,* 149 F.3d 1192 (10th Cir.1998) (Table; available on Westlaw at 1998 WL 327868),[5] have suggested

3. Had Burch filed a petition for certiorari, and had her petition been denied, under Tenth Circuit precedent the one-year period of limitation in § 2255 would run from the day that the Supreme Court denied certiorari. *See Simmonds,* 111 F.3d at 744 ("'Simmonds' conviction became 'final' after the Supreme Court denied certiorari on October 7, 1991.'"); *United States v. Lacey,* 993 F.Supp. 831 (D.Kan.1998) (following *Simmonds*). *Compare Kapral v. United States,* 973 F.Supp. 495, 498 (D.N.J.1997) ("The Court also declines to define final judgment of conviction based on a prisoner's petitioning the Supreme Court for certiorari. In contrast to the direct appeal of right, petitioning for certiorari constitutes a discretionary appeal. In exercising this discretion, the Supreme Court rarely grants certiorari in sentencing cases. In addition, having exercised the appeal of right, the petitioner has had a fair opportunity to present his federal claims in an appellate forum. Therefore, a judgment perfected by appeal may fairly be deemed a final judgment from which the § 2255 statute of limitations begins to run.") (footnotes omitted).

4. Suffice it to say that not all aspects of the AEDPA are a model of clarity. In this regard, the Supreme Court has made the following observation about the AEDPA:

All we can say is that in a world of silk purses and pigs' ears, the [AEDPA] is not a silk purse of the art of statutory drafting. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).

5. In *Moss,* the Tenth Circuit stated the following:

Moss' convictions for aiding and abetting distribution of cocaine base and using a telephone to facilitate distribution of cocaine base were affirmed on August 15, 1995, in *United States v. Moss,* No. 94–6075 (10th Cir.1995), and his convictions became final upon expiration of the time for filing a petition for certiorari in the Supreme Court. *See Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *United States v. Cuch,* 79 F.3d 987, 991 n. 9 (10th Cir.1996). Moss signed his § 2255 motion on April 23, 1997, but filed it by delivery to prison authorities for forwarding to the clerk of the district court on April 24, 1997. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The district court dismissed the motion as untimely under *United States v. Simmonds,* 111 F.3d 737 (10th Cir.1997), because it was not filed within a year of the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

By waiting until April 24, 1997, Moss missed the filing deadline adopted by the Tenth Circuit in *Simmonds* ("prisoners whose convictions became final on or before April 24, 1996 must file their § 2255 motions before April 24, 1997") by one day.

Because the Moss' conviction was "final" before the effective date of the 1996 amendment to § 2255, the Tenth Circuit's discussion of the "finality" of his convictions is in reality dicta. The real issue in *Moss* was whether the application of the *Simmonds* rule violated the constitutional prohibition against ex post facto laws. This court believes that the Tenth Circuit, if actually required to resolve the issue, would adopt the Seventh Circuit's analysis in *Gendron v. United States,* 154 F.3d 672 (7th Cir.1998).

that the one-year period of limitation runs from the last day that certiorari could have been sought (but was not), *see, e.g., United States v. Forbes,* 1998 WL 486339 (4th Cir. Aug.7, 1998) (suggesting that if the 1996 amendments to § 2255 had been in effect at the time the Fourth Circuit affirmed the defendant's conviction on September 13, 1995, for purposes of determining the one-year period of limitation, the defendant's "convictions became final no later than December 12, 1995, [90 days after September 13, 1995], the last day on which [the defendant] could have petitioned the Supreme Court of the United States for a writ of certiorari"); *Payne v. United States,* 1998 WL 71652 (S.D.N.Y. Feb.18, 1998) ("The Second Circuit decided petitioner's direct appeal on August 23, 1995. Allowing 90 days to petition the Supreme Court for certiorari, the latest petitioner's judgment could have become final was on or about November 22, 1995. Petitioner's motion under § 2255 was dated March 12, 1997, well over one year after his conviction became final"); *Andres v. United States,* 1997 WL 778760 (S.D.N.Y. Dec.15, 1997) ("The petition (dated 3/25/97 and received by the Pro Se Office on 4/23/97) appears to be late. Andres states that the Second Circuit affirmed his conviction on 11/2/94. He then had 90 days to petition the United States Supreme Court for certiorari. Apparently he did not do so, and thus the judgment of conviction became final in early February 1995."), this court is persuaded that it is improper to include the additional ninety-day period in which the defendant could have petitioned the Supreme Court for certiorari but did not in determining the finality of the judgment of conviction for purposes of calculating the one-year period of limitation.

In *Gendron v. United States,* 154 F.3d 672 (7th Cir.1998), the Seventh Circuit recently addressed the precise issue implicated by Burch's motion. For purposes of analyzing the timeliness issue, the facts are essentially indistinguishable from the case at bar. In *Gendron,* the Seventh Circuit issued the mandate affirming Gendron's conviction and sentence on Novem-

ber 4, 1996. Gendron did not file a petition for certiorari with the Supreme Court. Gendron did not file his § 2255 motion until November 18, 1997, more than one year after the Seventh Circuit issued its mandate. Using November 4, 1996—the date the Seventh Circuit issued its mandate—as the starting point for the one-year limitations period, the district court concluded that the period of limitations for filing a § 2255 motion had run. The district court denied Gendron's petition and dismissed the action with prejudice.

> On appeal, Gendron argued
>
> that even though he elected not to file a petition for certiorari with the Supreme Court, the district court should have excluded from the limitations period the 90 days he had to file such a petition. See Sup.Ct.R. 13. According to Gendron, the period of limitations should start to run, not from the date our mandate was issued, but on the date that review by the Supreme Court was precluded. *See id.* at 13.1, 13.3. Therefore, Gendron insists, he had until January 25, 1998, to file his § 2255 motion. See id. at 13 .3. Because his motion was received by the district court on November 19, 1997, Gendron argues that his petition was timely filed.

*Id.* at 673. The Seventh Circuit rejected the defendant's argument, affirming the district court's dismissal:

> In relevant part, the AEDPA amended § 2255 by adding the following language:
>
> > A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> >
> > (1) the date on which the judgment of conviction becomes final; . . .
>
> We are left with the question of when a judgment is to be considered final. The Supreme Court has addressed the question of finality in the context of retroactivity. The Court defined a conviction as being final when "a judgment of conviction has been rendered, the

availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (citing *United States v. Johnson,* 457 U.S. 537, 542 n. 8, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982)) But, while the Court's definition can be used for guidance, Congress has the authority to independently determine the standards to be applied under §§ 2244 and 2255. *See Milwaukee v. Illinois,* 451 U.S. 304, 317, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981) ("[W]e start with the assumption that it is for Congress, not federal courts, to articulate the appropriate standards to be applied as a matter of federal law."). In this regard, it is helpful to compare the two periods of limitation contained in §§ 2244(d) and 2255.

As stated above, the period of limitations for § 2255 runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. In comparison, the period of limitations for petitions filed under § 2254 begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]" 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Thus, in drafting § 2244, Congress explicitly included the time for seeking leave to appeal with a state supreme court even if the petitioner elected not to do so. Such additional language is lacking in § 2255.

Where Congress includes particular language in one section of an act but omits it in another section of the same act, it is presumed that Congress intended to exclude the language, and the language will not be implied where it has been excluded. *See Hohn v. United States,* 524 U.S. 236, ——, 118 S.Ct. 1969, 1977, 141 L.Ed.2d 242 (1998) (citations omitted); *McNutt v. The Board of Trustees of the Univ. of Ill.,* 141 F.3d 706, 709 (1998) (*citing Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). In § 2244, Con-

gress expressly included the period for seeking review whether or not a petitioner elected to avail himself of the opportunity. Because similar language is absent in § 2255, we conclude that Congress intended to treat the period of limitations differently under the two sections. Accordingly, we hold that federal prisoners who decide not to seek certiorari with the Supreme Court will have the period of limitations begin to run on the date this court issues the mandate in their direct criminal appeal. Any other reading of the statutes would render the additional language in § 2244 meaningless, a result we must avoid. *See Hohn,* 524 U.S. at ——, 118 S.Ct. at 1976 ("We are reluctant to adopt a construction making another statutory provision superfluous.") (citations omitted). The district court correctly dismissed Gendron's § 2255 motion as untimely, and we, therefore, decline to issue a certificate of appealability.

*Id.* at 673–674. The logic of this analysis is both persuasive and sound, and this court adopts it as its own. At least one other federal court has in part utilized similar analysis in concluding that the "final judgment" of conviction for purposes of calculating the one-year limitation in § 2255 does not include the additional 90 days in which the defendant could have but did not petition the Supreme Court for certiorari. *See Kapral,* 973 F.Supp. at 497 ("The Court holds that for purposes of motions made pursuant to 28 U.S.C. § 2255, the date of the appeals court's decision constitutes the date on which the judgment of conviction becomes final."). *See also United States v. Rienzi,* 1996 WL 605130 (E.D.Pa. Oct.21, 1996) ("Although the Act does not define when a judgment becomes 'final,' we assume for our analysis that the judgment here became final when our Court of Appeals rejected plaintiff's direct appeal of our judgment and sentence, and transmitted that October 19, 1993 judgment to the Clerk of this Court on December 27, 1993. *See Nixon v. United States,* Nos. 96–5048, 93–386–4,

1996 WL 539786 (E.D.Pa. Sept. 17, 1996). Rienzi did not file a petition for a writ of certiorari.").

In sum, because Burch did not file her § 2255 motion within one year of the date that the Tenth Circuit issued its mandate in this case, her motion is barred by the one-year period of limitation.

IT IS THEREFORE ORDERED that Burch's "Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody" (Dk.241) is dismissed with prejudice as untimely.

IT IS FURTHER ORDERED that Burch's "Motion for Leave to File a Memorandum in Support of the Motion Under § 2255" (Dk.242) is denied as moot.