**UNITED STATES of America, Plaintiff,**

v.

**Dan Leslie MEADOR, Defendant.**

**No. 96–CR–113–C.**

United States District Court, N.D. Oklahoma.

April 2, 1999.

## ORDER

H. DALE COOK, District Judge.

Before the Court is defendant, Dan Meador's, motion, styled "Application for Writ of Habeas Corpus." However, since 28 U.S.C. § 2255 is the exclusive remedy for a prisoner in federal custody who asserts that his sentence was imposed in violation of federal law, the Court will treat Meador's present application as a motion brought pursuant to § 2255.

In August 1996, Meador was named in a three Count Indictment, charging him with obstruction of justice and unlawfully communicating with a grand juror, in violation of 18 U.S.C. §§ 1503–1504. Meador proceeded to trial, and the jury returned a verdict of guilty on all Counts on January 10, 1997. In May 1997, the Court denied numerous post-trial motions filed by Meador, including motions for judgment of acquittal and new trial. In June 1997, Meador was sentenced to a term of 16 months' imprisonment, three years of supervised release, and fined $2,000. Meador filed notice of appeal on June 30, 1997. However, the Tenth Circuit dismissed the appeal on December 19, 1997, for lack of prosecution. Meador did not thereafter attempt to seek rehearing or otherwise move to

have his appeal reinstated by the Circuit. Meador mailed his present motion to the Court, and it was received by the Clerk on March 2, 1999.[1]

■ Prior to addressing the merits of Meador's § 2255 motion, the Court must confront certain issues which may bar consideration of the motion. First, since the record indicates that Meador is no longer incarcerated, the Court must determine whether he qualifies for § 2255 relief. Section 2255 provides that, "A *prisoner in custody* under sentence of a court ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, § 2255 relief is clearly limited to federal prisoners in custody. However, the "in custody" requirement has been broadly construed, and since Meador is continuing to serve a term of supervised release, he may properly be considered "in custody" for purposes of § 2255. *See Scanio v. United States,* 37 F.3d 858, 860 (2d Cir.1994) (while the petitioner must satisfy the jurisdictional "in custody" requirement of § 2255 in order to invoke habeas review by a federal court, a petitioner under supervised release may be considered "in custody"); *Maleng v. Cook,* 490 U.S. 488, 491–492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (recognizing very liberal construction of the "in custody" requirement).

■ The Court further recognizes that § 2255, as amended in April 1996, provides for a one-year limitations period in which to file a § 2255 motion after the date on which the judgment of conviction becomes final. The judgment of conviction was entered in this case on June 19, 1997. Meador subsequently filed notice of appeal, but the Tenth Circuit ultimately dismissed the appeal on December 19, 1997,

for lack of prosecution. Generally, a judgment of conviction is final when the judgment of conviction is rendered, the availability of appeal exhausted, and the time for petition for certiorari has expired. *Allen v. Hardy,* 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986). However, in the present case, the Court believes that the judgment of conviction became final when the Circuit dismissed the appeal on December 19, 1997, for lack of prosecution. By failing to prosecute his direct appeal, and by subsequently failing to seek rehearing on, or otherwise challenge, the Circuit's order of dismissal, Meador clearly acquiesced in, and accepted, the finality of his judgment of conviction and sentence. Although Meador may have theoretically had 90 days after the Circuit's order of dismissal in which to petition the Supreme Court for certiorari, such a petition would have been limited solely to the issue of whether the Circuit erred in dismissing his appeal for lack of prosecution, and the merits underlying the direct appeal would not have been considered. Thus, the Court can envision no logical or legal reason for setting the date of finality at 90 days from the date of dismissal.[2] The Court will therefore treat the date of the Circuit's mandate dismissing Meador's appeal as the date that his judgment of conviction became final. *See also United States v. Burch,* 37 F.Supp.2d 1249, (D.Kan.1998) (because defendant did not file her § 2255 motion within one year of the date that the Tenth Circuit issued its mandate, her motion is time-barred); *Gendron v. United States,* 154 F.3d 672, 674 (7th Cir.1998) (federal prisoners who decide not to seek certiorari will have the limitations period begin to run on the date the court of appeals issues the mandate in their direct appeal).[3]

1. Since the record indicates that Meador is no longer incarcerated, the date that the present motion was actually received by the Clerk will be deemed the date that the motion was filed.

2. Moreover, Meador never, in fact, petitioned the Supreme Court for certiorari, and, as noted, the record does not indicate that he otherwise challenged the dismissal of his direct

appeal. These facts strongly indicate that Meador intended to permit the judgment of conviction to become final on the date that the Circuit dismissed his direct appeal, if not before then.

3. The Court notes that the court in *Kapral v. United States,* 166 F.3d 565, 570–571 (3rd Cir.1999), disagreed with *Gendron,* and held

As the Court has determined that Meador's judgment of conviction became final on December 19, 1997, his present motion, filed on March 2, 1999, is time-barred under § 2255's one-year limitations period.[4]

Accordingly, Meador's present § 2255 motion is hereby DENIED. The Clerk is directed to return to Meador the $5.00 filing fee which he submitted along with his present motion.

IT IS SO ORDERED.

that if a defendant does not file a petition for certiorari, the judgment of conviction does not become final until the time for seeking certiorari review expires. While this is an issue which may ultimately need to be decided by the Supreme Court, this Court need not confront this precise issue in the present case. In *Kapral*, the defendant was convicted of tax evasion, and the Third Circuit affirmed the defendant's judgment of conviction on the merits. The defendant did not file a petition for certiorari, but he later filed a § 2255 motion with the district court. The district court denied the motion as time-barred, using the date that the Circuit affirmed the defendant's conviction as the date that the judgment of conviction became final. The Third Circuit vacated and remanded, finding the § 2255 timely filed, as measured from the date on which the defendant could no longer petition for certiorari.

*Kapral* is thus distinguishable. In the present case, the Circuit did not affirm Meador's judgment of conviction on the merits. Rather, the Circuit dismissed the appeal for lack of prosecution. Hence, the rationale and reasoning behind the *Kapral* decision simply do not apply here. The judgment of conviction in the present case therefore became final when Meador failed to prosecute the merits of his direct appeal and permitted the appeal to be dismissed.

4. Even if the Court were to consider the merits of the present motion, however, the Court finds that it is patently frivolous and must be denied. The motion merely realleges several arguments that Meador raised during the course of the proceedings in the present case, and which the Court found baseless.