**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL JAMES MORRIS,

    Petitioner-Appellant,

v.

STEVE HARGETT, Warden,

    Respondent-Appellee.

No. 98-6194
(W.D. Okla.)
(D.Ct. No. CIV-98-100-A)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Morris is a state inmate appearing *pro se*. Mr. Morris filed a petition

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

under 28 U.S.C. § 2254 for habeas relief in the district court. The district court denied habeas relief after concluding Mr. Morris' petition was not timely and thus barred by the applicable statute of limitations. Mr. Morris appeals this decision and requests we issue a certificate of appealability, previously denied by the district court.

Mr. Morris entered a guilty plea to the charges of kidnaping and aggravated assault and battery. The state court sentenced him to five years on the kidnaping charge and ninety days on the assault and battery charge. Mr. Morris was sentenced May 11, 1992, and did not file a direct appeal. The state district court denied Mr. Morris' subsequent petition for post-conviction relief on April 1, 1997. The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief on May 29, 1997.

Mr. Morris filed the present habeas petition in the federal district court January 21, 1998. Mr. Morris sought to challenge the two convictions maintaining he "was not advised of his rights relating to an appeal adequately nor did petitioner receive[] reasonably effective assistance of counsel relating to his rights of appeal."

We set forth the following chronology of events:

May 11, 1992 – Mr. Morris was sentenced by the State Court.

March 13, 1997 – Mr. Morris filed his application for post conviction relief in state court.

April 1,1997 – The application for post conviction relief was denied.

April 29, 1997 – Mr. Morris appealed the denial of post conviction relief.

May 29, 1997 – The Oklahoma Court of Criminal Appeals affirmed the denial.

January 21, 1998 – Mr. Morris filed his habeas petition in the United States District Court.

The State moved to dismiss the petition as being time barred. The magistrate judge applied the Antiterrorism and Effective Death Penalty Act's one-year limitation period on the filing of a habeas petition by a person in custody. *See* 28 U.S.C. § 2244(d)(1). The magistrate judge determined Mr. Morris' convictions became final May 21, 1992, the last day he could have filed a motion to withdraw his guilty plea under Oklahoma law. He opined the one-year limitation period ran until May 20, 1993.

The magistrate judge determined that because Mr. Morris' conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the limitation period recognized in *United States v.*

*Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997), should be applied. The magistrate judge found the limitation period, which expired May 21, 1992, should, under *Simmonds,* be extended until April 23, 1997. The magistrate judge determined the 365-day grace period given by *Simmonds* should be applied. Of the 365 days, 323 elapsed by March 13, 1997, when Mr. Morris filed his petition for relief. The magistrate judge then tolled the one-year limitation period with the forty-two days Mr. Morris' post-conviction litigation extended (from March 13, 1997 until May 29, 1997). Thus, he found the limitation period expired July 9, 1997, forty-two days from May 29, 1997. As this petition was not filed until January 21, 1998, the magistrate judge concluded it time barred.

The district court analyzed the tolling period somewhat differently than the magistrate judge and concluded the habeas petition should have been filed on or before August 29, 1997, rather than July 9, 1997. The district court determined the application for post-conviction relief tolled the one-year grace period of limitation, ending April 23, 1997, for another seventy-six days[1] (*i.e.*, between March 13, 1997, the date of Mr. Morris' filing for post-conviction relief in state court, and May 29, 1997, the date on which the Oklahoma Court of Criminal

---

[1] The district court incorrectly calculated seventy-six days, rather than seventy-seven days.

Appeals denied relief). He also added ninety days within which Mr. Morris could have filed a petition for a writ of certiorari with the United States Supreme Court.[2]

Mr. Morris appeals this decision asserting: "[1] The District Court erred in failing to afford petitioner an opportunity to withdraw his Guilty pleas under Due Process clause; [2] Petitioner did not knowingly, voluntarily and understandingly waive his statutory right of certiorari appeal through no fault of his own; and [3] Petitioner was denied reasonably effective assistance of counsel resulting in imposition of illegal guilty-plea not authorized by rule, or legislative enactment." Mr. Morris then argues "[t]he District Court applied arbitrarily the tolling limitation of the Antiterrorism and effective death penalty act .... [N]o Judicial grace period has ever been set for the State post conviction proceedings under Habeas Corpus Law."

---

[2] The district court made a mathematical error in arriving at August 29, 1997, as the deadline. Using the court's calculation of seventy-six days, plus ninety days, to toll the deadline results in a total of 166 days. Adding that figure to April 23, 1997, results in an October 6, 1997, deadline, not August 29, 1997. Because the court also erred in calculating the number of days of post-conviction litigation (*i.e.*, seventy-six instead of seventy-seven days), the actual deadline would be October 7, 1997. Since Mr. Morris did not file his habeas petition until January 21, 1998, the district court's miscalculations as to the filing deadline are harmless.

We must first decide whether Mr. Morris should be permitted to proceed *in forma pauperis*. We conclude he should be allowed to proceed *in forma pauperis*.

In calculating the time for filing a § 2254 habeas petition, 28 U.S.C. § 2244(d)(1) and (2) set out the date from which the limitation period shall run and tolls from the limitation period any time spent pursuing state post-conviction relief. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). Specifically, 28 U.S.C. § 2244(d)(1) and (2) read, in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ...; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

any period of limitation under this subsection.

Applying the plain language of the statute as quoted above reveals the following computations:  Because Mr. Morris entered a plea of guilty May 11, 1992, and under Oklahoma law had only ten days in which he could have filed a motion to withdraw his guilty plea, his limitation period began May 21, 1992. However, the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 retroactively establishes a one-year period of limitations for those whose convictions became final before April 24, 1996.  *See Hoggro*, 150 F.3d at 1226. By extending the one-year limitation to April 24, 1996, Mr. Morris' deadline for filing his § 2254 petition fell on April 23, 1997.  Because this is a § 2254 action, the period of his post-conviction litigation tolls this one-year period.  *Id.* at 1226-27 (applying 28 U.S.C. § 2244(d)(2)).  The period of his post-conviction litigation runs from the date of filing his application for post-conviction relief (March 13, 1997) until the date of the Oklahoma Criminal Court of Appeals' final denial (May 29, 1997).  This is a period of seventy-seven days.  In other words, Mr. Morris had seventy-seven additional days after April 23, 1997 to file his habeas petition, which is July 9, 1997, as the magistrate judge properly concluded.  The district court liberally tolled the limitation period another ninety days in which Mr. Morris could have applied for a writ of certiorari from the United States Supreme Court, which extends the deadline from July 9, 1997, to October 7, 1997.

*See* 28 U.S.C. § 2244(d)(1)(A); S. Ct. R. 13; Okla Ct. Crim. App. R. 5.4. *See also*

*Gendron v. United States*, 154 F.3d 672, 673 (7th Cir. 1998) (holding

§ 2244(d)(1)(A) expressly includes period for seeking review to state supreme

court whether or not petitioner elects to avail himself of the opportunity, but

leaving open whether it applies to the period for appealing to the United States

Supreme Court).

Because Mr. Morris did not file his habeas petition until January 21, 1998,

well after either July 9, 1997, or October 7, 1997, he untimely filed his petition.

Thus, we need not address whether the district court erred in extending the tolling

period another ninety days, until October 7, 1997, to allow for the period for

filing an application for a writ of certiorari with the United States Supreme Court.

For these reasons, we deny Mr. Morris' application for a certificate of

appealability and **DISMISS** his appeal.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge