UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                       No. 98-6635

RICKY LEE GROVES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-94-97, CA-97-751-5-CV-F)

Argued: May 4, 1999

Decided: July 21, 1999

Before WILLIAMS, MICHAEL, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Erik Moses Pritchard, Third Year Law Student, Neal
Lawrence Walters, UNIVERSITY OF VIRGINIA SCHOOL OF
LAW APPELLATE LITIGATION CLINIC, Charlottesville, Virginia,
for Appellant. Sharon Coull Wilson, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee. **ON BRIEF:** Joshua Klatzkin,
Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL
OF LAW APPELLATE LITIGATION CLINIC, Charlottesville, Vir-

ginia, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ricky Lee Groves, a habeas petitioner, appeals from a denial of his motion for reconsideration of the district court's dismissal of his 28 U.S.C. § 2255 motion. Because the district court did not abuse its discretion in denying the motion for reconsideration, we affirm.

In December 1994, a jury convicted Groves of a number of federal drug offenses, and the court sentenced him to prison for life plus 60 months. Groves timely appealed, and on June 25, 1996 we affirmed his conviction and sentence. See United States v. Groves, 89 F.3d 830, 1996 WL 346519 (4th Cir. June 25, 1996) (unpublished). Following his unsuccessful appeal, Groves had 90 days in which to petition the Supreme Court for a writ of certiorari. See Sup. Ct. R. 13(1) (1998). Groves did not file a petition for a writ of certiorari.

On September 18, 1997, Groves, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On September 25, 1997 the district court dismissed the motion as untimely, based on its conclusion that the one-year limitation period contained in § 2255 began to run on June 25, 1996, when we issued our decision denying his direct appeal. Groves did not appeal the district court's dismissal of his § 2255 motion.

Instead, on March 10, 1998, Groves filed a pro se motion for reconsideration of the district court's dismissal of his § 2255 motion. In this motion, he argued that the one-year limitation period had not

2

yet begun to run because a Freedom of Information Act (FOIA), 5 U.S.C.A. 552 (West 1996), request that he had submitted to the FBI prior to filing his § 2255 motion was still pending. Groves asserted that for this reason his § 2255 motion had been timely. The district court denied Groves's motion for reconsideration on March 19, 1998. The court found that Groves had failed to argue, or even mention, in his § 2255 motion and memorandum that the FOIA request had constituted an impediment to the timely filing of his motion. Moreover, the court held that none of the grounds for relief contained in his § 2255 motion would even arguably be affected by the information sought in the FOIA inquiry.

Groves timely appealed from the denial of his motion for reconsideration. We granted a certificate of appealability and appointed counsel for Groves.

Section 2255 governs persons held in federal custody seeking habeas corpus review of their convictions and sentences. 28 U.S.C.A. § 2255 (West Supp. 1999). In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which amended 28 U.S.C.§ 2255 to add a one-year limitations period. Prior to the AEDPA, a petitioner could make such a motion for relief "at any time." 28 U.S.C.A. § 2255 (West 1995); Gendron v. United States, 154 F.3d 672 (7th Cir. 1998), cert. denied, 119 S.Ct. 1758 (1999). In relevant part, § 2255 now provides that

> [t]he limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (emphasis added).

In dismissing Groves's habeas petition, the district court analyzed the limitation period under § 2255(1). The court concluded that when a federal prisoner fails to file a petition for writ of certiorari in the United States Supreme Court, his "judgment of conviction becomes final" for purposes of § 2255(1) when the court of appeals issues its decision affirming his conviction and sentence. Before us, Groves argues that a judgment does not become "final" in these circumstances under § 2255(1) until the time expires for a prisoner to file a petition for a writ of certiorari in the United States Supreme Court, i.e., 90 days after the court of appeals issues its decision. If Groves's interpretation is correct, then the limitations period contained in § 2255(1) did not begin to run in his case until September 23, 1996, and thus his § 2255 motion filed on September 18, 1997 was timely.

This is a difficult issue of statutory interpretation that has divided the only two circuits that have published opinions deciding the question. In Gendron, 154 F.3d 672, the Seventh Circuit held that in these circumstances a judgment becomes final and the limitation period begins to run under § 2255(1) upon issuance of the court of appeals decision. The Third Circuit, however, held in Kapral v. United States, 166 F.3d 565 (3d Cir. 1999), that a judgment becomes final under § 2255(1) when a petitioner's time for filing a petition for a writ of certiorari expires.* In United States v. Adams , 173 F.3d 1339 (11th

_____

*In an unpublished decision, this court followed the same reasoning as Kapral and held that a petitioner's judgment of conviction becomes final "when the deadline for seeking a writ of certiorari has expired." United States v. Walker, 165 F.3d 22, 1998 WL 756928 (4th Cir. Oct. 29, 1998) (unpublished); see also United States v. Moss , 149 F.3d 1192, 1998 WL 327868 (10th Cir. June 18, 1998) (unpublished) (same in dicta). A num-

Cir. 1999), the court recognized the split in authority but did not reach the issue because the petitioner's motion was untimely under either interpretation.

We too need not (and, indeed, may not) reach this issue because Groves never timely appealed the district court's dismissal of his § 2255 motion. Time limits for appeals from denials of § 2255 motions are governed by the time limits for civil cases contained in Federal Rule of Appellate Procedure 4(a). See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11 (1999); Fed. R. App. P. 4(a)(1)(B) (1999). The applicable rule provides that when the United States, or an officer thereof, is a party to the case, the opposing party must file his notice of appeal within 60 days after the entry of judgment in the district court. See Fed. R. App. P. 4(a)(1)(B) (1999). If the party files a motion for reconsideration no later than 10 days after the entry of judgment,"the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Id. 4(a)(4)(vi). Groves never actually appealed the dismissal of his § 2255 motion, and his motion for reconsideration was filed four months after the district court's decision. Thus, it is clear that Groves did not timely appeal the district court's dismissal of his § 2255 motion.

Groves did move for reconsideration under Rule 60(b), and filed a timely appeal of the denial of that motion. See Fed. R. Civ. P. 60(b) (1999). However, a motion under Rule 60(b) "does not affect the finality of judgment or suspend its operation." Id. Thus, "an appeal from the denial of a motion made under Rule 60(b) does not raise the underlying judgment for review; it presents the appellate court only

_____

ber of district courts have decided the issue and, like the courts of appeals, have settled on conflicting readings of the statute. Compare Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998) (period of limitation begins to run from the conclusion of direct review or the expiration of the time for seeking such review), and Andres v. United States, 1997 WL 778760 (S.D.N.Y. 1997) (unpublished) (same); with United States v. Burch, 37 F. Supp.2d 1249 (D. Kan. 1998) (limitation period begins when court of appeals affirms conviction), and Wong v. United States, 1997 WL 793107 (E.D.N.Y. 1997) (unpublished) (same).

5

with the question of whether the trial court abused its discretion in ruling on the motion." Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988); see also Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978); In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) ("In ruling on an appeal from a denial of a Rule 60(b) motion this Court may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b).").

Groves's entire argument on appeal is that the district court misconstrued the term "final" in § 2255(1). This contention was neither the basis for his motion for reconsideration nor for the district court's denial of that motion. Generally, of course, we interpret pro se litigation efforts liberally. See United States v. Garcia , 65 F.3d 17, 19 (4th Cir. 1995) (construing pro se notice of appeal liberally); Fields v. Attorney General of Maryland, 956 F.2d 1290, 1298 n.20 (4th Cir. 1992) (interpreting pro se 28 U.S.C. § 2254 habeas motion liberally); see also Boag v. MacDougall, 454 U.S. 364, 365 (1982); but cf. Bauer v. Commissioner, 97 F.3d 45 (4th Cir. 1996) (finding that pro se petitioner's failure to appear for trial was inexcusable). However, no matter how liberally we construe Groves's motion for reconsideration, it cannot substitute for a timely notice of appeal of the district court's order dismissing his § 2255 motion.

Read liberally, his motion for reconsideration challenged the district court's dismissal of the § 2255 motion on the alternative grounds that: (a) the government's action in delaying the FOIA request created an impediment to Groves's filing of his § 2255 motion or (b) the FOIA request will uncover facts supporting Groves's claim that were otherwise unavailable through the exercise of due diligence. Groves thus arguably asserted that, when he filed his petition, the limitation period had not begun to run under either § 2255(2), because the "impediment to making [his] motion created by the governmental action" had yet to be removed or § 2255(4), because he had exercised due diligence but had yet to discover facts that would support his claim. In all events, Groves's motion for reconsideration cannot be read as based on the contention he now makes as to when a"judgment of conviction becomes final" under § 2255(1). Accordingly, we cannot address that argument on appeal.

6

Because that contention is the only argument raised by Groves on appeal, we would ordinarily go no further. However, since Groves filed his motion for reconsideration pro se, we will briefly explain why the district court did not abuse its discretion in denying the motion.

Groves based his motion for reconsideration on an August 1996 FOIA request for "all exculpatory evidence with the Federal Bureau of Investigations," which he claimed was still pending when the district court denied his § 2255 motion as untimely. Groves asserted numerous grounds for granting the writ of habeas corpus in his § 2255 motion but none involve the information requested under FOIA. In fact, Groves did not even mention his FOIA request anywhere in the § 2255 motion or the supporting memorandum. That he was in fact able to file his § 2255 motion without any reference to his FOIA request convincingly demonstrates that the pending FOIA request did not constitute "an impediment . . . created by the governmental action in violation of the Constitution or laws of the United States" under 28 U.S.C.A. § 2255(2). Simply put, it did not impede the filing of his § 2255 motion.

Nor did § 2255(4) constitute a meritorious basis for granting the motion for reconsideration. That provision provides that the limitation period begins on the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. § 2254(4). Because Groves has yet to "discover" any facts to support his claim, § 2255(4) cannot apply. If Groves's FOIA request does actually yield exculpatory material that Groves was not reasonably able to uncover through other means, then Groves may be able to assert a claim based on this evidence in a second § 2255 motion. See Rules Governing Section 2255 Proceedings, Rule 9(b). However, the mere fact that a habeas petitioner has a pending FOIA request will not allow the petitioner to indefinitely delay filing a § 2255 motion, especially one that is void of any reference to the information sought from the FOIA request.

AFFIRMED