In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2921

Royce L. Garrott,

Applicant,

v.

United States of America,

Respondent.

Application for a Certificate of Appealability to
Appeal from the United States District Court
for the Southern District of Illinois.
No. 98-CV-4320-JPG--J. Phil Gilbert, Judge.

Submitted December 13, 2000--Decided January
30, 2001

Before Flaum, Chief Judge, and Easterbrook, Circuit
Judge.

Per Curiam.  The Supreme Court remanded this case
to us for consideration in light of Slack v.
McDaniel, 120 S. Ct. 1595 (2000), and the parties
have filed their statements under Circuit Rule
54.

Garrott's collateral attack under 28 U.S.C.
sec.2255 was dismissed by the district court as
untimely. That court concluded that a judgment
becomes "final" in a criminal case, and the year
within which to commence collateral proceedings
commences, when the court of appeals issues its
mandate. Relying on Gendron v. United States, 154
F.3d 672 (7th Cir. 1988), the district court
rejected Garrott's argument that a judgment
becomes "final" only when the time to seek
certiorari expires. Under Gendron, when no
request for review is presented to the Supreme
Court, the conclusion of proceedings in the court
of appeals marks finality under sec.2255
para.6(1). Last January we denied Garrott's
request for a certificate of appealability.
Although the order does not explain our
reasoning, we deemed two considerations
conclusive: First, Gendron establishes a
principle that forecloses Garrott's position;
second, an appellate argument that seeks only the

resolution of a statutory issue does not present "substantial showing of the denial of a constitutional right" (28 U.S.C. sec.2253(c)(2), emphasis added), and without a substantial constitutional claim a certificate of appealability may not issue.

Responding to Garrott's petition for certiorari, the Solicitor General supported Garrott's argument that a conviction does not become "final" until the time available to seek review by certiorari has expired. The Solicitor General's memorandum observed, however, that given the language of sec.2253 and the holding of Slack, a certificate of appealability may not be issued to consider a statutory question inisolation--though Slack added that if the petitioner presents a substantial issue of constitutional law, then a substantial statutory issue may be appended to a certificate ofappealability. 120 S. Ct. at 1604; see also Owens v. Boyd, No. 00-1521 (7th Cir. Dec. 19, 2000). Because Garrott had not endeavored to present a constitutional claim on appeal, the Solicitor General reasoned that our order denying a certificate of appealability was justifiable even though, in the Solicitor General's view, Garrott's statutory argument about the meaning of "final" presents a substantial ground for reversal.

The Supreme Court's remand invites us to consider whether Garrott has a substantial constitutional question that under Slack could warrant the issuance of a certificate of appealability. We are therefore more than a little surprised that the memorandum the United States Attorney filed in this court on remand ignores that subject and addresses only the statutory subject--and then only by reference to the Solicitor General's memorandum in the Supreme Court. This is useless to us; we are well aware that the statutory issue could be deemed "substantial." The subject has occasioned a conflict among the circuits that the Solicitor General's memorandum discusses. (Our court has recently extended rather than retreated from Gendron. See Gutierrez v. Schomig, 233 F.3d 490 (7th Cir. 2000). We think, however, that an issue may be deemed "substantial" if other courts of appeals disagree with this circuit's approach.) Nonetheless, a debatable question of statutory interpretation is not enough to support a certificate of appealability. It would have helped us to receive the views of the United States on the question the Supreme Court directed us to address.

Garrott, whose application for a certificate of appealability last time around dealt only with

sec.2255 para.6(2), and therefore was doomed under sec.2253(c)(2) and the holding of Slack, has at least tried to address the question covered by the Supreme Court's order. But his application, although prepared by counsel, does not demonstrate that any constitutional issue presented to the district court, and thus properly preserved for appeal, is substantial. The statement Garrott has filed lists 11 issues. None of these is developed, however, and it is therefore impossible to say that any is substantial. Garrott's first issue, for example, reads: "The Petitioner's sec. 851 enhancement was unconstitutional and illegal." That's the entire presentation: no facts, no legal analysis, nothing beyond the bald assertion. The other 10 questions are similarly shy of detail. For example, one of the 11 issues reads: "The Petitioner was denied his Sixth Amendment right to an impartial jury, as there were no black persons in the jury pool." But it has long been established that the Constitution does not require racial balance on juries. It forbids devices that divert blacks (and other minorities) away from jury service, but Garrott does not contend that any improper device was used to filter blacks from the venire.

Instead of attempting to demonstrate that any of the 11 issues presented to the district court supports a certificate under the approach of Slack, Garrott has presented a lengthy argument based on Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). But the Supreme Court did not instruct us to consider Apprendi on remand, perhaps because no argument under Apprendi (or its predecessor Jones v. United States, 526 U.S. 227 (1999)) had been presented to the district court--either at the time of Garrott's original sentencing, or in the motion under sec.2255--or to the Supreme Court itself.

Let us assume, however, that arguments based on Apprendi are proper means to take advantage of sec.2253(b)(2) and Slack. In order to present such a claim for the first time in this collateral proceeding Garrott would have to establish both "cause" and "prejudice." See Bousley v. United States, 523 U.S. 614, 621-24 (1998); Engel v. Isaac, 456 U.S. 107, 130 n.35 (1982). His Rule 54 statement does not attempt to do this. Both are steep hurdles, "cause" because Bousley holds that the novelty of a legal rule is not "cause" (no external impediment prevented Garrott from making an Apprendi-like argument at the time of his sentencing), and "prejudice" because to show harm Garrott would have to establish that no reasonable jury could have found the quantity of drugs necessary to support his sentence.

The lack of any reasonable legal basis for a claim may constitute "cause," see Reed v. Ross, 468 U.S. 1, 16 (1984), but the foundation for Apprendi was laid long before 1992. Other defendants began making Apprendi-like arguments soon after the Sentencing Guidelines came into being, and in McMillan v. Pennsylvania, 477 U.S. 79 (1986), the Court addressed on the merits an argument along similar lines. Garrott could have invoked the themes in McMillan, and for that matter In re Winship, 397 U.S. 358 (1970), just as the Justices did in Apprendi. As for prejudice, in the sense of effect on the outcome: that's a hard showing to make even on a direct appeal, where the defendant can take advantage of the more lenient "plain error" standard. See United States v. Nance, No. 00-1836 (7th Cir. Dec. 29, 2000). Garrott was sentenced to 262 months' imprisonment, only 22 more than the maximum sentence available to a person who distributes any quantity of cocaine base. To support the extra 22 months, the jury would have had to conclude that Garrott conspired to distribute, or possessed with intent to distribute, only 5 grams of cocaine base. 21 U.S.C. sec.841(b) (1)(C). It seems to us unlikely that a jury would have found a lesser amount, given the findings the district judge made in sentencing Garrott. See United States v. Jackson, No. 98-2696 (7th Cir. Jan. 10, 2001); United States v. Mietus, No. 99-3535 (7th Cir. Jan. 22, 2001). Moreover, even then, Garrott could achieve success only if Apprendi applies retroactively on collateral attack under Teague v. Lane, 489 U.S. 288 (1989), which no appellate court has held. See Talbott v. Indiana, 226 F.3d 866 (7th Cir. 2000).

Neither the Apprendi argument nor any of Garrott's other constitutional issues can be deemed a "substantial" claim. We therefore again decline to issue a certificate of appealability.