**Erick Cornell CLAY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–3671.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 28, 2001*.

Decided Jan. 25, 2002.

Before ROVNER, DIANE P. WOOD, EVANS, Circuit Judges.

ORDER

During the summer of 1996, Erick Clay began selling crack cocaine to Tammy Sue Herring, who was renting a room in a house in South Bend, Indiana. On October 18, 1996, in an apparent effort to settle Herring's outstanding drug debt to him, Clay set the home on fire. The resulting conflagration severely damaged the residence and killed a dog and a kitten. A federal grand jury in Indiana subsequently charged Clay with arson and distribution of crack in violation of 18 U.S.C. § 844(i) and 21 U.S.C. 841(a)(1). On December 30, 1997, he was convicted of both counts by a jury, and the district court later sentenced him to 137 months in prison. Clay appealed his conviction, arguing that the Government had not produced enough evidence to

---

* This appeal was submitted to the panel that decided Clay's direct appeal pursuant to OPERATING PROCEDURE 6(b). Judge Eschbach, who was a member of the original panel, has since retired from service. Judge Evans has been assigned at random to replace

him on the panel. After an examination of the materials submitted by the parties, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

convict him on either count and that the trial judge had improperly admitted "other crimes" evidence. On November 23, 1998, this Court affirmed his convictions in an unpublished order. *United States v. Clay*, No. 98–1783, 165 F.3d 33, 1998 WL 847098 (7th Cir. Nov. 23, 1998). Clay did not file a petition for rehearing and the mandate was issued from this court on December 15, 1998. He did not thereafter file a petition for certiorari with the Supreme Court.

On February 22, 2000, more than a year after we affirmed his conviction, Clay filed a *pro se* motion with the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing principally that his counsel was ineffective at trial. The district court denied Clay's motion as time-barred on August 2, 2000. Clay subsequently filed a notice of appeal on September 7, 2000. The district court *sua sponte* issued a certificate of appealability as to whether Clay was denied his Sixth Amendment right to the effective assistance of counsel. Clay's first appellate brief was stricken by this Court because he failed to address the Sixth Amendment claim for which the district court had issued the certificate of appealability. Contrary to this Court's instruction, Clay's second brief addressed only whether the district court

properly denied his motion as untimely, not the Sixth Amendment claim. As it turns out, however, we need not reach the merits of the Sixth Amendment claim. The one issue that Clay addressed in his brief—the timeliness of his motion—turns out to be dispositive of the case. We find that the district court properly denied Clay's motion as time-barred pursuant to law of this circuit, and therefore we affirm on that basis.[1]

Section 2255 provides for a one-year period during which a federal prisoner may seek collateral review of his conviction. 28 U.S.C. § 2255. As relevant here, that one-year period began to run on the date on which the judgment of Clay's conviction became final. When an appellate court affirms a conviction and the defendant elects not to seek review by the United States Supreme Court, a question arises as to whether his conviction becomes final at the conclusion of the appellate proceedings, or at the expiration of the ninety-day period during which he may file a petition for certiorari. 28 U.S.C. § 2244, as amended by the Anti–Terrorism and Effective Death Penalty Act, answers this question for state prisoners by allowing them to initiate habeas review up to one year from "the date on which the judgment became

---

1. We had asked the parties to address in their briefs whether it was proper for the district court to deny Clay's § 2255 motion as untimely given that the government originally had responded to the merits of Clay's motion in the district court without raising the timeliness question—thereby, arguably, waiving any defense based on the tardiness of the motion. *Cf. Acosta v. Artuz*, 221 F.3d 117, 122–23 (2d Cir.2000) (holding that court may raise timeliness of § 2254 petition *sua sponte* ); *Kiser v. Johnson*, 163 F.3d 326, 328–29 (5th Cir.1999) (same). Notwithstanding our request, Clay did not address the potential waiver in his opening brief. Belatedly, in his reply brief, he did argue that the government waived the timeliness argument. This was too late. *See, e.g., Help At Home Inc. v. Medical Capital,*

*L.L.C.*, 260 F.3d 748, 753 n. 2 (7th Cir.2001) (arguments first raised in reply brief are deemed waived). Clay himself has therefore waived any waiver argument that he might have made. *See, e.g., United States v. Anaya*, 32 F.3d 308, 312 (7th Cir.1994). We note, in any event, that although it was the district court, rather than the government, that first raised the timeliness question below, the parties were given the opportunity to brief that question before the court dismissed Clay's motion. *See* R. 51 (ordering parties to show cause why Clay's section 2255 motion should not be dismissed as untimely); R. 52 (government's response); R. 53 (Clay's response). Clay was therefore not taken by surprise. *Cf. Venters v. City of Delphi*, 123 F.3d 956, 967–69 (7th Cir.1997).

final by the conclusion of direct review *or the expiration of time for seeking such review.*" 28 U.S.C. § 2244(d)(1)(A) (emphasis added). In other words, this provision permits a state prisoner to file a habeas petition up to one year *after* the termination of the ninety-day period for filing a petition for a writ of certiorari, regardless of whether he actually filed such a petition. *See* SUP. CT. R. 13. The corresponding provision for federal prisoners, section 2255, lacks comparable language, however; and the omission has led this court to conclude that when a federal prisoner does not seek Supreme Court review of his conviction, he does not receive the benefit of the ninety-day period for filing a certiorari petition.

In *Gendron v. United States,* 154 F.3d 672 (7th Cir.1998) (per curiam), *cert. denied sub nom. Ahitow v. Glass,* 526 U.S. 1113, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999), we concluded that when a federal prisoner on direct appeal of his conviction does not file a certiorari petition, his conviction becomes final when the appellate court issues its mandate affirming his conviction. The movant in *Gendron* filed the motion to vacate his conviction one year and two weeks after this court had affirmed his conviction on direct appeal and issued the mandate. *Id.* at 673. He had not filed a petition for certiorari but argued that his conviction had not become final, for purposes of section 2255, until the time for filing that petition had expired. *Id.* In other words, "[a]ccording to [appellant], the period of limitations should start to run, not from the date our mandate was issued, but [from] the date that review by the Supreme Court was precluded." *Id.* However, the absence of a provision akin to the one in section 2244 expressly providing for this particular time computation struck us as significant. "Because similar language is absent in § 2255, we conclude that Congress intended to treat the period of limitations differently under the two sections." *Id.* at 674. We held accordingly that "federal prisoners who decide not to seek certiorari with the Supreme Court will have the period of limitations begin to run on the date this court issues the mandate in their direct criminal appeal." *Id.*

We decline the invitation to reconsider our holding in *Gendron,* although the government correctly points out that our construction of section 2255 represents the minority view. *See United States v. Torres,* 211 F.3d 836 (4th Cir.2000) (taking the same position as this court); *contra United States v. Garcia,* 210 F.3d 1058 (9th Cir.2000); *United States v. Gamble,* 208 F.3d 536 (5th Cir.2000) (per curiam); *United States v. Burch,* 202 F.3d 1274 (10th Cir.2000); *Kapral v. United States,* 166 F.3d 565 (3rd Cir.1999). Since *Gendron* was decided, we have declined to revisit its holding notwithstanding the circuit split. *See Garrott v. United States,* 238 F.3d 903 (7th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 2230, 150 L.Ed.2d 221 (2001); *see also Gutierrez v. Schomig,* 233 F.3d 490 (7th Cir.2000), *cert. denied,* 532 U.S. 950, 121 S.Ct. 1421, 149 L.Ed.2d 361 (2001) (holding that time during which state prisoner could have, but did not, petition Supreme Court for review of state post-conviction judgment did not toll the one-year limitations period under section 2244(d)(2)). Bowing to *stare decisis,* we are reluctant to overrule a recently-reaffirmed precedent without guidance from the Supreme Court.

Clay's first appeal was decided by this Court on November 23, 1998, and the mandate was issued on December 15, 1998. He did not seek review by the Supreme Court. Under the prevailing law of this circuit, he had until December 15, 1999 to seek collateral review. Clay did not file his motion until February 22, 2000, sixty-nine days too late. The law in this circuit is clear; Clay's motion to vacate his con-

viction under 28 U.S.C. § 2255 was not timely. For this reason, we find that the district court was correct when it denied the motion. We AFFIRM the judgment.