**David ISBELL, Petitioner,**

v.

**James E. RYAN and Timothy Budz, Respondent.**

No. 01–2038.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

March 20, 2002.

David Isbell, Joliet, IL, pro se.

Margaret M. O'Connell, Office of the Attorney General, Chicago, IL, for Defendant.

## ORDER

McCUSKEY, District Judge.

On March 27, 2001, Petitioner, David Isbell, filed a Petition for Writ of Habeas Corpus (# 5) pursuant to 28 U.S.C. § 2254. On May 24, 2001, Respondent filed a Motion to Dismiss (# 8) arguing that the Petition is barred by the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). On June 4, 2002, Petitioner filed Motion to Strike Motion to Dismiss (# 10). For the reasons that follow, Respondent's Motion to Dismiss (# 8) is GRANTED and Petitioner's Motion to Strike (# 10) is DENIED.

## FACTS

On December 30, 1992, Petitioner pleaded guilty to aggravated criminal sexual assault involving a victim under the age of 13. Petitioner was sentenced to a term of ten years in the Illinois Department of Corrections by the Circuit Court of Piatt County. Petitioner did not appeal his conviction or sentence, nor did he file a post-conviction petition at that time. In May 1999, the Illinois Attorney General's Office filed a petition in the Circuit Court of Piatt County to have Petitioner committed pursuant to the Illinois Sexually Violent Persons Commitment Act ("Act"), 725 ILCS 207/5 (1999). On December 29, 1999, Petitioner filed a Motion to Withdraw his 1992 guilty plea. The Circuit Court of Piatt County denied that motion, and Petitioner did not appeal the denial of the motion to withdraw. Petitioner also filed a post-conviction petition following his commitment. This post-conviction petition was dismissed as untimely by the circuit court.

Petitioner filed his habeas corpus petition on March 27, 2001, arguing that: (1) his guilty plea was unknowingly made; (2) his guilty plea was not made intelligently; (3) his guilty plea was involuntarily made; and (4) he was not admonished regarding potential future collateral consequences at the time he entered his plea of guilty. Petitioner argues that he entered into a guilty plea not knowing that a civil commitment petition would later be filed against him and that he would not have entered into the plea agreement if he would have known of these future collateral consequences.

## ANALYSIS

On May 24, 2001, Respondent filed a Motion to Dismiss (# 8) Petitioner's Petition for Writ of Habeas Corpus. On June 4, 2001, Petitioner filed a Motion to

Strike Motion to Dismiss (# 10). Petitioner points out that Respondent referred to his motion to dismiss as a motion for extension of time in the notice of filing sent to Petitioner. However, because Petitioner not only received a copy of the Motion to Dismiss, but also received a Notice (# 9) from this court that a dispositive motion had been filed, this court does not believe that Respondent's error merits striking the motion. Petitioner further points out what he believes to be flaws in the Respondent's motion. "A motion to strike may be granted or denied within the sound discretion of the district court." *Blaz v. Michael Reese Hosp. Foundation,* 191 F.R.D. 570, 574 (N.D.Ill.1999). This court does not believe that the errors complained of merit the striking of Respondent's motion to dismiss. Therefore, Petitioner's Motion to Strike (# 10) is DENIED.

In his Motion to Dismiss, Respondent argues that Petitioner's petition was not timely filed under the AEDPA. The AEDPA applies to this case because Petitioner filed his petition after April 24, 1996, the effective date for the AEDPA. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a one year statute of limitations applies for a habeas corpus petition filed by a person in state custody. 28 U.S.C. § 2244(d)(1). For a § 2254 petition filed by a person convicted prior to the effective date of the AEDPA, the statute of limitations begins to run on April 24, 1996. *Gendron v. United States,* 154 F.3d 672, 675 (7th Cir.1998), *cert. denied* by *Ahitow v. Glass,* 526 U.S. 1113, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999). Petitioner did not file his habeas corpus petition until March 27, 2001, nearly four years after the statute of limitations would expire.

■ However, this does not necessarily preclude the petition. § 2244(d)(1) provides that the one-year limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). While Petitioner states in his petition that he had submitted a post-conviction petition to the circuit court, he admits that this petition was dismissed because it was untimely. Thus, the post-conviction petition was not properly filed and does not toll the running of the limitations period. *See Freeman v. Page,* 208 F.3d 572, 576 (7th Cir.2000), *cert. denied,* 531 U.S. 946, 121 S.Ct. 345, 148 L.Ed.2d 277 (2000).

■ However, Petitioner argues that his Petition is timely because he could not have discovered the factual predicate for his claim before the State filed its petition to detain him under the Act.[1] However,

---

1. Petitioner also argues that the State created an impediment to the timely filing of his Peti-

tion for Writ of Habeas Corpus because the

"the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's factual predicate, not recognition of the fact's legal significance." *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir.2000). The factual predicate of the Petitioner's claim is his guilty plea on December 30, 1992. Petitioner claims that this guilty plea was not knowing and intelligent because he was not aware of the collateral consequences of his plea at the time it was made. A defendant must be aware of the direct consequences of a plea for the plea to be considered voluntary. *See Warren v. Richland County Circuit Court,* 223 F.3d 454, 457 (7th Cir.2000), *cert. denied* by *Warren v. Circuit Court of Wisc.,* 531 U.S. 1168, 121 S.Ct. 1133, 148 L.Ed.2d 999 (2001). Direct consequences are the immediate and automatic consequences of the guilty plea. *Warren,* 223 F.3d at 457. However, actual knowledge of consequences collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea. *Warren,* 223 F.3d at 457; *United States v. George,* 869 F.2d 333, 337 (7th Cir.1989).

In the instant case, Petitioner entered into a plea agreement on December 30, 1992, and was convicted of the offense on that date. Because Petitioner was convicted prior to April 24, 1996, any § 2254 petition challenging his conviction had to be filed within one year of that date. *See* 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner's Petition for a writ of habeas corpus is not timely. Therefore, Respondent's Motion to Dismiss (# 8) is GRANTED.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Strike (# 10) is DENIED.

(2) Respondent's Motion to Dismiss (# 8) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus is dismissed with prejudice as untimely.

(3) This case is terminated.

State was responsible for his commitment pursuant to the Act. This court concludes that this argument is without merit because Petitioner has not shown that he was prevented from filing a petition by the State's actions.