**Erick Cornell CLAY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–3671.

United States Court of Appeals, Seventh Circuit.

Submitted May 6, 2003.

Decided June 11, 2003.

Before ROVNER, DIANE P. WOOD, and EVANS, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

***ORDER***

This case comes to us on remand from the Supreme Court of the United States.

A jury convicted Erick Cornell Clay in late 1997 on charges that he had commit-

ted arson and distributed crack cocaine, in violation of 18 U.S.C. § 844(i) and 21 U.S.C. § 841(a)(1), and on March 18, 1998, the district court ordered him to serve concurrent prison terms of 137 months. On direct appeal, this court affirmed Clay's convictions in an unpublished order. *United States v. Clay*, No. 98–1783, 165 F.3d 33, 1998 WL 847098 (7th Cir. Nov. 23, 1998). Clay did not seek *certiorari*. On February 22, 2000 – one year and 69 days after we issued our mandate and precisely one year after the time for filing a *certiorari* petition expired, Clay filed a *pro se* motion under 28 U.S.C. § 2255 challenging his sentence on the grounds that he was deprived of the effective assistance of trial counsel and that the indictment for arson was defective. He subsequently sought leave to amend his petition to add claims that his sentence violates the Ex Post Facto clause and the Fifth Amendment of the United States Constitution.

In *Gendron v. United States*, 154 F.3d 672, 673–74 (7th Cir.1998) (per curiam), *cert. denied sub nom. Ahitow v. Glass*, 526 U.S. 1113, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999), this court held that when a defendant does not seek *certiorari* on direct review of his conviction, the conviction becomes final for purposes of section 2255's one-year limitation period on the date that the appeals court issues its mandate, not when the time for filing a *certiorari* petition expires. Because Clay filed his section 2255 motion more than one year after we issued the mandate affirming his conviction, the district court, relying on *Gendron*, dismissed his section 2255 motion as untimely. Likewise relying on *Gendron*, we affirmed the dismissal in an unpublished order. *Clay v. United States*, 30 Fed.Appx. 607, 2002 WL 126094 (7th Cir. Jan. 25, 2002). This time around, Clay petitioned the Supreme Court for *certiorari*, and the Court granted his petition. *Clay v. United States*, 536 U.S. 957, 122 S.Ct. 2658, 153 L.Ed.2d 834, *amended*, 536 U.S. 981, 123 S.Ct. 17, 153 L.Ed.2d 880 (2002).

On March 4, 2003, the Supreme Court reversed our judgment. *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Resolving a split among the circuits, the Court held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. Under this rule, Clay's § 2255 petition was timely filed." *Id.* at 1079. The Court remanded the case to this court for further proceedings consistent with its opinion.

On April 21, 2003, this court ordered the parties to filed Statements of Position pursuant to Circuit Rule 54, and the parties complied with that order. Both Clay and the United States have suggested that we remand this cause to the district court for further proceedings.

As the district court never reached any aspect of Clay's section 2255 motion other than its timeliness, and as the Supreme Court has now made clear that Clay's motion was, in fact, timely filed, we agree that this case should be returned to the district court.

We therefore REMAND the case to the district court for further proceedings consistent with the Supreme Court's March 4, 2003, opinion.

*It is so ordered.*